IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL MALDONADO,**<br><br>              Plaintiff,<br><br>      v.<br><br>**PADILLA, et. al.,**<br><br>              Defendants. | Case No. 1:15-cv-00836-DAD-MJS-(PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS JIMINEZ AND CHAVEZ'S MOTION TO DISMISS**<br><br>**(ECF No. 18)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I.    INTRODUCTION

Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint, which was found to state Eighth Amendment excessive force claims against Defendants Padilla, Jiminez, and Chavez. (ECF Nos. 11-12.)

On December 8, 2015, Defendants Jiminez and Chavez filed a motion to dismiss for failure to state a claim and failure to exhaust administrative remedies. (ECF No. 18.) Plaintiff filed an opposition, and Defendants have filed a reply. This matter is fully briefed and ready for disposition.

## II. **RELEVANT ALLEGATIONS**

Plaintiff's allegations may be fairly summarized as follows:

On May 15, 2014, Plaintiff briefly chatted with another inmate while waiting to be escorted to medical. Defendant Jimenez and another correctional officer, Castillo, approached Plaintiff in a threatening manner and told him to, "Shut the f*** up!" They then stood menacingly near Plaintiff, allegedly to "entice" Plaintiff to approach them. Plaintiff did not approach, and supervising officer Sgt. Mendoza gestured to Jimenez and Castillo to leave. As Jimenez and Castillo walked away, they both told Plaintiff, "I'll get you while you're asleep!" Correctional Officer Jane Doe overheard this comment and told Plaintiff to go back to his cell because she "[didn't] want nothing to happen to you."

Later in the day, Defendant Padilla summoned Plaintiff to the podium in the dayroom where Plaintiff had been playing cards with friends. Padilla said that Plaintiff had messed up by arguing in front of the warden, and that unidentified Third Watch superior officers were plotting to "set [Plaintiff] up." Padilla added that Defendant Officer Chavez had said Plaintiff called her a bitch. At this time, Plaintiff turned to return to his friends, but Padilla called him back to the podium.

As Plaintiff approached "in a non-threatening manner," Padilla withdrew his pepper spray canister from its holster. When Plaintiff was 3-5 feet away, Padilla began spraying Plaintiff directly in the face. Plaintiff fell to the ground in a prone position, but Padilla kept spraying. Plaintiff then felt a kick in the ribs, and Plaintiff heard Padilla say, "Who's the bitch now?" Plaintiff begged Padilla to stop but he continued spraying. Padilla then handcuffed Plaintiff, and other officers arrived on the scene, including Chavez and Jiminez. Plaintiff heard Chavez and Jiminez (both of whom Plaintiff can recognize by voice) say, "Who's the bitch now?" Plaintiff was then lifted and dragged to the fire escape door. An unidentified officer told Plaintiff, "You got what you deserve," and "We're going to make sure you get a third strike." Plaintiff was then taken to a decontamination area.

### III. **DEFENDANTS' MOTION TO DISMISS**

#### A. **Failure to State a Claim**

Defendants first move for dismissal on the ground that Plaintiff has failed to state a claim. In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

On review, the Court agrees with Defendants Jiminez and Chavez that Plaintiff's pleading fails to state a claim against them. Plaintiff alleges that after Padilla pepper sprayed and kicked him in the ribs, the moving Defendants arrived on the scene and said "Who's the bitch now?" There is no allegation that either of these Defendants assaulted Plaintiff. Their only involvement, then, is their verbal abuse and harassment, which, standing alone, do not state a claim. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal threats); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (verbal threats); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987) (verbal harassment). Defendants' motion to dismiss should therefore be granted on this ground, and for the reasons discussed infra, leave to amend should be denied.

### B.     **Failure to Exhaust Administrative Remedies**

Defendants also move for dismissal on the ground that Plaintiff has not exhausted his administrative remedies as to them. Examination of Plaintiff's inmate grievance regarding this incident, which is attached to his Second Amended Complaint[1], convinces the undersigned that Plaintiff has not exhausted his administrative remedies and, therefore, leave to amend the Second Amended Complaint to state a claim against the moving Defendants should be denied. Cano v. Taylor, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (new claims added to a lawsuit via amendment that are exhausted prior to the amendment comply with the exhaustion requirement); Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing).

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved.  A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" id. at 1120 (quoting

---

[1] Coppola v. Smith, 982 F. Supp. 2d 1133, 1136 (E.D. Cal. 2013) ("In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.")

4

Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue." Id. at 1119.

On June 2, 2014, Plaintiff filed a 602 inmate grievance regarding the incident at issue in this case. See ECF No. 11 at 47-48. There, Plaintiff clearly set forth Defendant Padilla's role in the attack, but there was no mention of the involvement of any other correctional staff in the attack, either generally or by name. See id. at 47-59. Plaintiff's grievance was considered at all levels of review and ultimately denied at the Third Level. Id. at 58-59.

Pursuant to CDCR regulations, Plaintiff was required to include sufficient facts to give notice of his claims and identify the individuals involved. See Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2015) (inmate must "list all staff member(s) involved and … describe their involvement in the issue."). Plaintiff's grievance did not comply with this procedural directive since he did not name Defendants Jiminez and Chavez. Arguably, he failed to exhaust his administrative remedies on this ground. However, under recent Ninth Circuit authority, this is not necessarily fatal to Plaintiff's claim since the "prison officials ignore[d] the procedural problem and render[ed] a decision on the merits of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. Jan. 12, 2016).

Nonetheless, what is problematic for Plaintiff is that he failed to include sufficient information to put prison officials on notice of the breadth of the problem in order to allow them to take corrective action. In this case, neither Plaintiff's grievance nor the prison officials' investigation of that grievance revealed that anyone besides Defendant Padilla was involved in the pepper spraying incident. Since "[t]he primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution," Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009), Plaintiff was required to at least allege that more than one individual was involved – or, stated another way, not affirmatively limit the involvement to only Defendant Padilla. Plaintiff's decision to

identify only one correctional officer, and make no mention of the involvement of any others, leads the Court to conclude that he did not exhaust his administrative remedies because he failed to put prison officials on notice of the breadth of the problem so that they could attempt to satisfactorily resolve his complaints.

## IV.     CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants Jiminez and Chavez's motion to dismiss be GRANTED (ECF No. 18), and they be dismissed from this action without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 4, 2016                           /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE