UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALDONADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PADILLA, et al.,<br><br>　　　　　Defendants. | No.  1:15-cv-00836-DAD-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANTS JIMINEZ AND CHAVEZ FROM THIS ACTION<br><br>(Doc. Nos. 18 and 29) |

　　　　Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On August 17, 2015, plaintiff filed his second amended complaint which is the operative pleading in this action.  (Doc. No. 11.)  On December 8, 2015, defendants Jiminez and Chavez filed a motion to dismiss the second amended complaint for failure to state a claim and failure to exhaust administrative remedies prior to filing suit as required.  (Doc. No. 18.)

　　　　On March 7, 2016, the assigned magistrate judge issued findings and recommendations recommending that the motion to dismiss brought on behalf of defendants Jiminez and Chavez be granted.  (Doc. No. 29.)  No objections were filed to those findings and recommendations within the time provided.  However, on March 28, 2016, the court received notice of a change of address

1   from plaintiff indicating that he had been transferred to Salinas Valley State Prison.  (Doc. No.
2   30.)  In order to ensure that plaintiff received proper notice, the court directed the Clerk of the
3   Court to re-serve the March 7, 2016 findings and recommendations on plaintiff at his new address
4   of record and provided plaintiff with fourteen days from that re-service to file his written
5   objections, if any, to the March 7, 2016 findings and recommendations.  (Doc. No. 31.)

6   On April 18, 2016, plaintiff filed his objections.  (Doc. No. 32.)  Therein, plaintiff objects
7   to the findings and recommendations on the grounds that defendants Jiminez and Chavez were
8   clearly named in his inmate grievance which was fully exhausted, that he also named the two
9   defendants during interviews, and that he wrote letters to outside sources documenting his
10  attempts to include all individuals involved in the incident.  (*Id*. at 2.)

11  In the inmate appeal form plaintiff references in his objections, however, plaintiff never
12  identified defendant Chavez as an officer who he interacted with on the day in question.  Chavez
13  is mentioned once through a statement that defendant Padilla made.  Plaintiff asserts "[Padilla]
14  began telling [plaintiff] that…c/o Chavez told c/o Padilla [that plaintiff] called her a 'bitch.'"
15  (Doc. No. 32, 9.)  However, plaintiff did not claim in his inmate grievance that officer Chavez
16  had any involvement in the pepper spraying incident at issue, and did not allege that Chavez was
17  even present.  Furthermore, in the same inmate appeal form, plaintiff did not identify Jimenez as
18  using any force against plaintiff or as being present at the time of the pepper spray incident about
19  which he complains.  Likewise, nothing before the court indicates that prison officials addressed
20  plaintiff's Eighth Amendment excessive force claims against Chavez or Jimenez on the merits.
21  *See Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) ("[W]hen prison officials address the merits
22  of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in
23  administrative exhaustion have been served.").  Thus, after considering plaintiff's objections, the
24  undersigned agrees with the magistrate judge that plaintiff failed to exhaust his administrate
25  remedies with respect to his Eighth Amendment claims stemming from the pepper spray incident
26  against defendants Chavez and Jimenez.

27  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the
28  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The court adopts the findings and recommendations filed on March 7, 2016 (Doc. No. 29) in full;
2. Defendants Jiminez and Chavez's motion to dismiss (Doc. No. 18) is granted; and
3. Defendants Jiminez and Chavez are dismissed from this action due to plaintiff's failure to exhaust his administrative remedies as to these defendants prior to filing suit as required.

IT IS SO ORDERED.

Dated:   **July 26, 2016**                                  _____
                                                            UNITED STATES DISTRICT JUDGE