UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALDONADO,<br><br>    Plaintiff,<br><br>v.<br><br>SANDRA ALFARO, et al.,<br><br>    Defendants. | CASE No. 1:15-cv-00836-DAD-MJS (PC)<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>**(ECF No. 36)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's second amended complaint against Defendant Padilla for excessive force in violation of the Eighth Amendment. The allegations arise out of a May 15, 2014 incident in which Padilla allegedly attacked Plaintiff without provocation.

On August 9, 2016, Defendant filed a motion to compel. (ECF No. 36.) Plaintiff filed no response. The matter is deemed submitted. Local Rule 230(*l*).

## I. Legal Standard

The discovery process is subject to the overriding limitation of good faith. <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u>

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

## II. Discussion

Defendant seeks to compel further responses to Interrogatories Nos. 1 and 3; Requests for Admissions Nos. 3, 5, and 6; and Requests for Production of Documents Nos. 3, 4, and 5.

### A. Interrogatories

Interrogatory No. 1 sought "all facts" supporting Plaintiff's contention that Defendant used excessive force against him on May 15, 2014. Interrogatory No. 3 sought "all facts" supporting Plaintiff's claimed injuries. Plaintiff responded to Interrogatory No. 1 by referring Defendant to the complaint, and to Interrogatory No. 3 by referring Defendant to Plaintiff's prison mental health record.

Such responses are deficient. Plaintiff must respond to these interrogatories fully and may not simply refer to other documents. See Fed. R. Civ. P. 33(b)(3); United States ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 650 (C.D. Cal. 2007); Hash v. Cate, No. C 08–03729, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012). Defendant is not required to rummage through the complaint or Plaintiff's medical records to determine which facts might support Plaintiff's claims.

The Court also finds no merit in Plaintiff's boilerplate objections that the requests are vague, overbroad, and call for speculation.

Plaintiff will be ordered to provide a further response to these interrogatories

**B.     Requests for Admission**

    **1.     No. 3**

Request for Admission No. 3 states, "You are aware that when an alarm is activated, or when an officer gives you a direct order to get down, you are required to immediately get down on the ground in a prone position." Plaintiff responded by stating he is "unsure as to what rule, regulation, policy, procedure, and practice defendant is referring to" and asked to be provided more information to better respond to the request. He also objected that terms used in the Request for Admission are vague.

Plaintiff's objection on vagueness grounds is overruled.

Plaintiff's response is deficient. Plaintiff must respond by admitting, denying, or stating specifically and in detail why he does not have sufficient information to admit or deny the matter. Fed. R. Civ. P. 36. The Request does not ask Plaintiff to identify any specific rule, regulation, policy, procedure or practice. It asks for his personal knowledge. If he believes there is such a practice applicable to him, he should admit the request. If he does not, he should deny it, in which case Defendant may well question the credibility of such a denial at trial.

Plaintiff will be ordered to submit a further response to this Request.

### 2. No. 5

Request for Admission No. 5 states: "You caused this incident in order to have Officer Padilla removed from the building because he complied with the rules and did not allow inmates to run their own program." Plaintiff responded: "Plaintiff has no knowledge as to what defendant is referring to, asks that Plaintiff be provided more information as to the circumstances that compelled/prompted this admission?"

Again, Plaintiff must admit, deny, or state specifically and in detail why he does not have sufficient information to admit or deny the matter. Defendant's Requests for Admission are not an opportunity for Plaintiff to request additional information from Defendant. If he has no knowledge of any such action or the motivation for it, he may simply deny the request.

Plaintiff will be ordered to provide a further response to this Request.

### 3. No. 6

Request No. 6 states: "You did not suffer any injury as a result of this incident." Plaintiff responds that this request is vague and calls for speculation. These objections are overruled.

Plaintiff further responds: "Plaintiff did/has received healthcare services as a result of this incident." Plaintiff's response is insufficient. Whether Plaintiff received healthcare services is not necessarily indicative of whether he was injured. Furthermore, Plaintiff has not admitted, denied, or stated specifically and in detail why he does not have sufficient information to admit or deny the matter.

Plaintiff will be ordered to provide a further response to this Request.

### C. Requests for Production

Request for Production No. 3 requested all documents reflecting communication between Plaintiff and other inmates regarding the incident at issue. Request No. 4 sought all medical records relating to injuries Plaintiff sustained as a result of the incident. Request No. 5 sought all documents supporting Plaintiff's allegation of

excessive force. Plaintiff responded to these Requests by referring Defendant to his original and amended complaints and medical records attached thereto.

Plaintiff's responses are insufficient. He has failed to produce documents responsive to these requests. Fed. R. Civ. P. 37(a)(3)(B)(iv). Again, Defendant is not required to rummage through the complaint or Plaintiff's medical records to determine which documents are responsive to these requests. Plaintiff will be ordered to provide a further response to these requests.

### III. Admonition

Plaintiff's responses and objections do not suggest genuine confusion, but rather disingenuousness and game-playing exemplified by parties and their attorneys who try to avoid good faith discovery. This is not tolerated in this Court whether proffered by an attorney, *pro se* party, plaintiff or defendant. Continued such activity can be expected to result in sanctions including issue and/or evidence sanctions.

### IV. Conclusion and Order

Defendant's motion to compel is HEREBY GRANTED. Within twenty-one days of the date of service of this order, Plaintiff shall provide Defendant will further responses to Interrogatories Nos. 1 and 3; Requests for Admissions Nos. 3, 5, and 6; and Requests for Production of Documents Nos. 3, 4, and 5. Failure to respond fully may result in discovery sanctions. Fed. R. Civ. P 37(b) and (c).

IT IS SO ORDERED.

Dated: December 14, 2016        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE