UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALDONADO, | **Case No.: 1:15-cv-00836-DAD-MJS (PC)** |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT WITH DISCOVERY RESPONSES** |
| v. | |
| SANDRA ALFARO, et al., | **ORDERING DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL** |
| Defendants. | |
| | **(ECF No. 49)** |
| | **TWENTY-ONE DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to extend time to file responses to Defendants' discovery requests. (ECF No. 49.) Plaintiff also seeks the appointment of counsel. (Id.)

I.      **Request for Appointment of Counsel**

First, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Id.</u> Plaintiff's request for counsel will therefore be denied.

**II.      Extension of Time**

On August 9, 2016, Defendants filed a motion to compel. (ECF No. 36.) On December 15, 2016, the Court issued an order granting Defendants' motion as to Interrogatories Nos. 1 and 3; Requests for Admissions Nos. 3, 5, and 6; and Requests for Production of Documents Nos. 3, 4, and 5. (ECF No. 45.) Plaintiff was directed to serve Defendants with his responses within twenty-one days. (<u>Id.</u>) On January 6, 2017, Plaintiff filed the instant motion seeking an extension of time to serve his responses. (ECF No. 49.) He attributes the delay to his lack of access to the law library and loss of his personal property. (<u>Id.</u>) He does not state how much additional time he needs.

The Court will grant Plaintiff twenty-one additional days to prepare and serve his responses.

Plaintiff has been admonished for his failure to respond properly and timely to Defendants' requests. (See ECF No. 45 at 5.) The Court will not tolerate further delay. Plaintiff must serve his responses within the time limit here provided.  A failure to meet the deadline would result in consideration of the imposition of significant sanctions on Plaintiff, to include discovery, issue preclusion, and terminating sanctions.

**III.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's request for the appointment of counsel is DENIED; and

2.  Plaintiff is granted twenty-one (21) days from the date of this order to serve Defendant with his discovery responses.

IT IS SO ORDERED.

Dated:    January 11, 2017          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE